JUSTICE COTTER
concurs.
¶53 I concur with Justice Nelson’s observation that we err by ignoring the fact that Kelleher and Jones presented a cognizable First Amendment claim that was recognized and addressed as such by the District Court. Further, I concur with Justice Nelson’s conclusion that the District Court was correct in concluding that the University System debates were nonpublic fora. See Dissent, ¶¶ 91, 96. However, in my judgment, the District Court did not err in ultimately concluding *15 that Kelleher and Jones’s exclusion from the debates was both viewpoint neutral and reasonable.
¶54 I will not rehash here the arguments of the Court and the Dissent regarding the District Court’s apparent conversion of the University System’s motion to dismiss to a motion for summary judgment. I agree that such a conversion appears to have been accomplished, and inappropriately so, without notice. However, in their appeal Kelleher and Jones do not object to this “procedural irregularity,” as we termed it in Plouffe, ¶ 18. Plouffe was a pro se claimant like Kelleher and Jones are here, yet we took pains to note that on appeal, he argued that the district court erred in making the conversion from motion to dismiss to motion for summary judgment, and we therefore concluded he had not acquiesced in the court’s actions in that regard. Plouffe, ¶¶ 18-19. Likewise, in Hoveland v. Petaja, 252 Mont. at 269, 828 P.2d at 393, plaintiffs’ issue on appeal was whether the district court erred in converting a motion to dismiss into a motion for summary judgment. The same is not true here.
¶55 Notwithstanding Kelleher and Jones’s failure to preserve this erroneous conversion for appeal, I would conclude that ultimately, the District Court did not err in dismissing (or in effect granting summary judgment upon) their Second Amended Complaint. Kelleher and Jones’s allegation that their exclusion was unreasonable and/or not viewpoint neutral is not an assertion of fact, but rather is a conclusory denial of the University System’s assertions to the contrary. I do not believe that a mere allegation of contrariness of intent is or should be sufficient to defeat a motion for summary judgment, or for that matter a motion to dismiss, when the motion is, as is the case here, well-supported both factually and legally. See Dissent, ¶ 135. As the Dissent points out, we apply in the nonpublic fora cases a limited review: The government need only demonstrate that its restrictions are reasonable and viewpoint neutral. Dissent, ¶ 82. In my judgment, the University System squarely met this burden, and Kelleher and Jones did not overcome it. Therefore, while I do not concur in the rationale relied upon by this Court for its decision to affirm the District Court, I concur in the result.